UNITED STATES DISTRICT COURT
DISTRICT OF PUERTO RICO

| | |
|---|---|
| ROBERT JENS VAASJO, et al., | ) |
| | ) |
| Plaintiffs, | ) |
| | ) |
| v. | )   3:13-cv-001462-JDL |
| | ) |
| CENTRO MÉDICO DEL TURABO, et al., | ) |
| | ) |
| Defendants. | ) |

REPORT OF FINAL PRETRIAL CONFERENCE AND ORDER

A final pretrial conference was held by videoconference on December 15, 2016 before Judge Jon D. Levy. Dennis A. Simonpietri, Esq. appeared for the Plaintiffs, and José O'Neill-Font, Esq., José Miranda-Daleccio, Esq., Roberto Ruiz-Comas, Esq., and Gilberto Ramos Martínez, Esq. appeared for the Defendants. The following matters were addressed and will govern the trial of this case:

I.  Case Description

Edith Muñoz Buitrago, the late wife of Plaintiff Robert Jens Vaasjo and mother of Plaintiff Graciela Rivera-Muñoz, passed away on June 23, 2012, following treatment at Hospital HIMA San Pablo-Caguas. Ms. Buitrago was admitted to the hospital on June 14, with complaints of abdominal pain. She was diagnosed with gastritis and duodenitis, and underwent a surgical procedure on June 16. After the procedure, which was completed without incident, Ms. Buitrago complained of pain, and also showed high blood pressure as a result of hypertension. On June 18, Ms. Buitrago suffered convulsions and a serious seizure, and was transferred to the Intensive Care Unit where she required mechanical ventilation and supportive care. The hospital performed a CT scan of her brain on the evening of June 18 and the morning of June 19, which revealed that she had suffered multiple intracranial strokes. She did not regain baseline neurological functioning after she was put on life support the evening of June 18.

On June 23, after criteria for clinical brain death were met, she was removed from life support and passed away.

Plaintiffs assert that the hospital and the physicians who treated Ms. Buitrago acted negligently, and provided care that departed from accepted medical standards.  They claim that the initial surgical procedure was unnecessary, and that the post-operative care was deficient in light of the patient's medical history and symptoms.  The Plaintiffs seek money damages as compensation for their emotional suffering, loss of consortium, and loss of income and support.

The Defendants assert that the care provided to Ms. Buitrago did not deviate from the accepted medical standards, and also assert that Ms. Buitrago's stroke and subsequent death were unrelated to any care that they provided that may have failed to meet the accepted standards.

## II. Trial Preparation

A. Discovery.  The discovery is complete.

B. Motions in Limine.  All outstanding motions in limine will be ruled upon by the court no later than January 5, 2017.

C. Maximum Number of Trial Days.  The case will require no more than twelve (12) full trial days.

## III. Trial Schedule

A. Trial Period.  The case will be tried during the period beginning January 17, 2017 and ending February 6, 2017.

B. Jury Selection.  The jury will be selected on January 17 at 9:00 a.m.  At the conference, the parties consented to Magistrate Judge Silvia Carreño-Coll presiding at Jury Selection.

C. Tentative Trial Start Date.  The trial is scheduled to begin on January 18 at 9:00 a.m.  Trial days will commence at 9:00 a.m. and end at 5:00 p.m.

D. Settlement Notice.  The Defendants shall respond to the Plaintiffs' latest settlement offer by Monday, December 19.  The Plaintiffs shall respond to any counter-offer by Wednesday, December 21. The parties shall inform the

Clerk's office whether the case is settled or firm for trial by Thursday, December 22.

IV. **Trial Process**

A. Stipulations.  The Plaintiffs shall file a separate, consolidated list of the agreed-to stipulations contained in the Joint Proposed Pre-Trial Order by January 9.

B. Depositions.  The parties indicated at conference that they do not intend to use deposition testimony, apart from the use of depositions while questioning a live witness, during trial.

C. Exhibits.  The parties shall exchange exhibits by January 9.  The parties shall submit exhibits to the electronic system in the District of Puerto Rico, which will generate a consolidated list, by January 11.  In a jury case, the original set of exhibits is ordinarily sufficient and shall not be filed before trial.  Counsel for the parties shall meet no later than January 5 to discuss issues relating to evidence.

D. Witnesses.  Each party shall file its witness list by January 9.  For each witness, the list shall indicate (i) the witness's name and town of residence; (ii) whether the witness is a fact witness or an expert witness; (iii) a concise statement of the general subject matter of the witness's testimony; and (iv) an estimate of the time required for the direct examination of the witness, which must include anticipated time required for translation, if necessary.  The parties must submit a list of witnesses who will require an interpreter by December 22.  The parties shall provide for simultaneous translation services for any witness who requires an interpreter.  Witnesses who are fluent in English shall testify in English.  The Plaintiffs shall provide notice to the Defendants of the anticipated days and times of expert witness testimony at the time that the parties exchange witness lists.

E. Jury Voir Dire.  The parties shall provide any proposed supplemental voir dire questions for the jury panel by January 9.  The parties are requested not to propose questions that are addressed in the Confidential Jury Questionnaire.  The jurors' completed Confidential Jury Questionnaires will generally be available for inspection at the Clerk's Office or

electronically on CM/ECF at least three working days prior to jury selection.

F. <u>Jury Instructions.</u>  The parties shall submit proposed jury instructions by January 10.  Proposed instructions shall be stated in separate paragraphs and numbered sequentially.  Following the text of a proposed instruction, any applicable statutory or case authority for the requested instruction shall be provided.  An opposing party may submit a concise statement of any opposing authority by January 17.  Preliminary jury instructions will be made available to counsel before trial, and can be discussed with the court on January 18.

G. <u>Special Verdict Form.</u>  If a verdict form is requested, the parties shall prepare an agreed-upon verdict form and submit the same to the court by a date to be determined during trial.  In the absence of an agreement, the parties shall submit separate proposed special verdict forms by that date.

H. <u>Juror Notebooks.</u>  The court may permit the jurors to take notes in individual notebooks.  The notebooks will include a glossary of common legal terms such as "sidebar," and a guide entitled "Suggestions for Jury Deliberation."  *See* http://www.med.uscourts.gov/civil-jury-notebooks.  The parties are encouraged to review the glossary and submit by January 11 any proposed additional glossary terms that are specific to the case and would be helpful to the jury.  Any objection to the use of the glossary, guide, or proposed additional glossary terms shall be submitted by January 9.  As discussed at conference, the parties may also provide a glossary of medical terms for use by the jury.  The parties shall exchange proposed medical glossaries at the meeting of counsel that is to take place no later than January 5.  By January 11, the parties shall submit the proposed glossary terms to the court, and identify any objections by either party.

I. <u>Trial Management Conference.</u>  The parties may request an additional trial management conference by contacting the Clerk's office.

**SO ORDERED.**
Dated this 16th day of December 2016

                                                       /s/ **Jon D. Levy**
                                              **U.S. DISTRICT JUDGE**